# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
**No. 24-0937V**

|  |  |
|---|---|
| DEVIN HIGHT,<br><br>                      Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                      Respondent. | Chief Special Master Corcoran<br><br>Filed: March 26, 2026 |

*Glen H. Sturtevant, Rawls Law Group, Richmond, VA, for Petitioner.*

*Michael Bliley, U.S. Department of Justice, Washington, DC, for Respondent.*

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

On June 20, 2024, Devin Hight filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that he suffered a shoulder injury related to vaccine administration a defined Table injury, after receiving an influenza vaccine on October 11, 2023. Petition, ECF No. 1. On November 4, 2025, I issued a decision awarding compensation to Petitioner based on the Respondent's proffer. ECF No. 33.

---

[1]Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of \$12,996.05 (representing \$12,298.80[3] in fees plus \$697.25 in costs). Application for Attorneys' Fees and Costs ("Motion") filed December 15, 2025, ECF No. 39. Furthermore, Petitioner filed a signed statement representing that no personal out-of-pocket expenses were incurred. ECF No. 39-3.

Respondent reacted to the motion on December 18, 2025, indicating that he is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case and deferring resolution of the amount to be awarded to my discretion. Motion at 2-5, ECF No. 41. Petitioner indicated thereafter that he does not intend to file a substantive reply. ECF No. 42.

I have reviewed the billing records submitted with Petitioner's request. In my experience, the request appears reasonable, and I find no cause to reduce the requested hours or rates. Furthermore, Petitioner has provided supporting documentation for all claimed costs. ECF No. 39-2. Respondent offered no specific objection to the rates or amounts sought. I find the requested costs reasonable and hereby award them in full.

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs. **Petitioner is awarded attorneys' fees and costs in the total amount of \$12,447.45[4] (representing \$11,750.20 in fees plus \$697.25 in costs) to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this decision.[5]

---

[3] There is a typographical error in Petitioner's Motion regarding the total amount of attorney's fees requested herein. See ECF No. 39 at 3. Petitioner requested \$12,298.80 in fees. However, the billing invoices reflect the *lesser* amount of \$11,750.20 in attorney's fees was actually incurred. See ECF No. 39-1. Accordingly, the amount to be awarded herein will be based on the amounts reflected in the billing record submitted in support thereto.

[4] This amount is intended to cover all legal expenses incurred in this matter pursuant to the evidence submitted in support thereto. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.,* 924 F.2d 1029 (Fed. Cir.1991).

[5] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.

2

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master